### STEPHENSON et al. v. NICHOLS.
### (No. 7390.)

(Court of Civil Appeals of Texas. San Antonio. April 15, 1925.)

1. Courts ⬥66(7)—Special term as extended ended with denial of new trial in case, not with reading of minutes.

Special term extended under Rev. St. art. 1726, until conclusion of pending trial *held* to end as respected time for filing transcript and statement of facts on overruling of amended motion for new trial, and it could not be continued to consider bills of exception or sign minutes at indefinite time thereafter, notwithstanding trial court purported to adjourn term at subsequent time.

2. Appeal and error⬥351(2)—Case no longer pending in district court after filing of appeal bond.

Filing of appeal bond perfects appeal and places case in appellate court, so that it is no longer pending in district court.

Appeal from District Court, Live Oak County; T. M. Cox, Judge.

Action by J. M. Nichols against W. M. Stephenson and others. Judgment for plaintiff, and defendants appeal. Appeal dismissed.

Gaines, Quin, Harley & Gaines, of San Antonio, for appellants.

Lewright & Lewright, of San Antonio, John W. Thames, of Kenedy, and Sid Malone, of George West, for appellee.

FLY, C. J. Appellee seeks to dismiss the appeal in this case because it was not perfected in the time required by law. We find from the record that a special term of the district court of Live Oak county, in the Thirty-Sixth judicial district of Texas, was regularly convened by the district judge in special session on June 23, 1924; the order providing that the term should continue for three weeks, and naming three cases to be tried, among the number being the present case. On July 12th it was recited that the special term as called was about to conclude and the trial of this case had not been completed, and the term was formally extended by an order of the trial judge until the trial of the case was completed. The motion for new trial was overruled on September 20, 1924, and after exception and notice of appeal the court entered the following order:

"Said named defendants are hereby granted 90 days from and after the adjournment of this special term of court in which to prepare and file their bills of exception and statement of facts."

The special term was ostensibly adjourned on December 13, 1924. The transcript of the record was filed in the Court of Civil Appeals on March 5, 1925, and the statement of facts on March 12, 1925. The statement of facts was filed in the district court on March 10, 1925. The bills of exception, of course, were filed with the transcript, being included therein.

[1] The grounds for dismissal are that the appeal was not perfected in the time required by law, for the reason that the final judgment was rendered on July 18, 1924, and the order overruling the motion for new trial on September 20, 1924, although it was heard on August 24, 1924. It is the contention of appellee that the transcript and statement of facts should have been filed within 90 days from September 20, 1924. The special court had been extended, and it is contended that the trial court had no authority to extend the term after it had acted on the motion for a new trial.

No order was given, and no further action was taken in this case by the trial court after the order on September 20th, overruling the motion for new trial and granting 90 days after adjournment of the special term in which to prepare and file bills of exception and statement of facts. The special term was extended until the trial of this case was

completed. No order was made, no action was taken as to this case after September 20, 1924, and the term was automatically concluded under the terms of the order of extension, which was "that the present special term of this court be and the same is hereby extended until the conclusion of such pending trial." Amended motion for new trial had been overruled and appellant had excepted and given notice of appeal and 90 days' time was given for preparing bills of exception and statement of facts. No further order of extension of the special term was made, and on December 13, 1924, the following order was entered:

"The special June term, 1924, of this court having been necessarily kept open in order to give the judge thereof time to be present and read the minutes thereof and consider bills of exceptions and other matters in the case of J. M. Nichols v. W. M. Stephenson et al., No. 2477, until this the 13th day of December, A. D. 1924, when the court met with all officers of the court present and the minutes of this special term were read and approved. It is therefore ordered that this special term of court do now adjourn."

A reference to the bills of exception, the signing of which is made a ground for not adjourning until December 13th, show that some of them were approved on November 10, 1924, and others on February 10, 1925. The court was not held open for the consideration of bills of exception, some of which were approved more than a month before the so-called adjournment in December, and the others nearly two months after said adjournment. The minutes should have been read on each succeeding day of the term and, "if necessary, corrected and signed in open court by the judge" on the last day of the term. The statute does not make the signing of the minutes a necessary part of each trial, and under the terms of article 1726, Rev. Stats., the only power of extension of a special term is "until the conclusion of such pending trial." The trial in this case ended when the motion for new trial was overruled and notice of appeal given. The law cited provides for the extension when the "district court shall be in the midst of the trial of any cause," and it cannot be said that the cause was being tried at all on and after September 20, 1924. The conclusion of the trial had come, and with it the end of the special term. The term could not have been extended by an order of extension, because the court was not "in the midst of the trial of any cause," but the conclusion of the pending trial had been finally and fully reached.

The law does not permit the extension of a term in order to consider bills of exception, or in order to sign the minutes, but only when the court is in the midst of a trial can the extension be made "until the conclusion of the pending trial." To construe the law otherwise would give the district judge authority to indefinitely extend special terms in order to read and sign minutes, and delay the prosecution of appeals for months, as in this instance, or possibly for years. No such thing was ever contemplated by the statute. It would render nugatory and vain all laws and rules in regard to the preparation of causes for appeal and make the "law's delay" oppressive and unjust. Cory v. Richardson (Tex. Civ. App.) 191 S. W. 568.

In the case of Hill v. State, 41 Tex. 255, it is said that:

"The trial may well be held incomplete until all the issues of law as well as of fact have been determined and the final judgment entered."

The final judgment in this case was entered on July, 19, 1924, and the amended motion for a new trial was filed on August 25, 1924, which was overruled on September 20, at which time "all issues of law as well as of fact" had been determined and nothing connected with the case was pending before the court. In the case of Railway v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613, the Hill Case is quoted and approved, and it was held that the cause was pending just as long as any issue was pending; in that case the issue pending was as to whether the court would set aside an order granting a new trial. Nothing was pending in the case now before this court, and the term ended when the last order was entered overruling the motion for new trial. There was no motion —nothing connected with this case—pending in the district court after September 20, 1924. The law was stretched to the limit in the cited case of Railway v. Muse, and we do not desire to test its elasticity any further.

[2] A singular state of facts is presented by the district judge issuing orders on December 13 about a case in which an appeal had been attempted to be perfected by filing an appeal bond on December 5, 1924. An appeal bond filed in time is deemed to perfect an appeal and place a case in an appellate court and, if so, it could not have been pending in the district court on December 13, 1924. Hamill v. Samuels, 104 Tex. 46, 133 S. W. 419. The appeal bond in this case was given more than 70 days after the court was automatically ended on September 20, 1924.

The cause is dismissed.