**BARRACO et al. v. COURTHOUSE PHAR-MACY, Inc. (No. 8701.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 10, 1925. Rehearing Denied Feb. 4, 1926.)

**1. Justices of the peace ⬤⟿130.**

Rule that matter to be res judicata must have been fairly within pleadings is inapplicable, when no pleadings are required.

**2. Justices of the peace ⬤⟿90.**

Written pleadings in forcible detainer action in justice court *held* not a prerequisite to recovery of rent on appeal bond.

**3. Judgment ⬤⟿651—Judgment by consent for plaintiff on appeal in forcible detainer action, ignoring issue of rent, precludes plaintiff from collecting it (Rev. St. art. 3960).**

Where judgment was entered for plaintiff on appeal in forcible detainer action by consent, without determining issue of rent as permitted

by Rev. St. art. 3960, issue is res judicata, and plaintiff cannot collect rent.

Error from Harris County Court; Roy F. Campbell, Judge.

Suit by the Courthouse Pharmacy, Incorporated, against J. B. Gerino, as principal, and V. Barraco and S. M. Beaman, as sureties, to recover upon an appeal bond. Judgment for plaintiff, and V. Barraco and M. Beaman bring error. Reversed and rendered.

Mathis, Heidingsfelder, Teague & Kahn, of Houston, for plaintiffs in error.

H. L. Nicholson, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by defendant in error against J. B. Gerino, V. Barraco, and S. M. Beaman, to recover upon a bond executed by Gerino as principal and appellants, Barraco and Beaman, as sureties.

Plaintiffs' petition alleged, in substance, that on June 14, 1923, in a suit for forcible detainer brought by it against the defendant Gerino in the justice court, precinct No. 1, of Harris county, it recovered a judgment against Gerino for the possession of premises (fully described in the petition) which had theretofore been leased to said Gerino by defendant in error.

"It was further alleged that the defendant in said suit in justice court, J. B. Gerino, sued out an appeal from said judgment to the county court at Law No. ――――, of Harris county, Tex., and filed an appeal bond with himself as principal and plaintiffs in error, V. Barraco and S. M. Beaman, as sureties, conditioned as required by law and statute, and that the said defendant J. B. Gerino did not prosecute his said appeal with effect, judgment being rendered against him in said court, to which said appeal had been taken; that, pending said appeal, and until October 10, 1923, the said defendant Gerino remained in possession of said premises, to plaintiff's damage in the aggregate sum of $650, being the rental value of said premises for the months of June, July, August, September, and 10 days in October.

"The defendant in said suit, J. B. Gerino, and plaintiffs in error, V. Barraco and S. M. Beaman, answered by general demurrer and general denial, and further answered specially that, at the time the aforesaid appeal bond was executed, no claim was asserted against the defendant in said forcible detainer suit for rents, and no judgment awarded against him therefor; that, upon appeal of said cause to the county court, judgment was rendered for the title and possession of said premises, but no judgment was rendered against the said Gerino other than a judgment for costs, which had been paid and satisfied in full; that the plaintiff in said suit, Courthouse Pharmacy, Incorporated, defendant in error, did not, either in the county court or the justice court, assert any title or claim against the defendants Barraco and Beaman for damages, and that the defendant in error, plaintiff in said suit, was estopped from asserting any claim against the plaintiffs in error for and on account of the damages sought to be recovered; further pleading that the judgment so rendered in the county court on said appeal was res adjudicata, as to all matters sought to be raised as against the said sureties, or either of them."

The cause was tried in the court below without a jury, and resulted in a judgment in favor of plaintiff against all the defendants for the sum of $373.33 and against the defendant Gerino for the further sum of $60. From this judgment the appellants Barraco and Beaman, prosecute this appeal.

In response to requests by appellants, the trial court filed the following findings of fact and conclusions of law:

"(1) I find that prior to June 1, 1923, defendant Gerino occupied the premises described in plaintiff's petition as the tenant of plaintiff. I further find that plaintiff was entitled to the possession of said premises after midnight of May 31, 1923.

"(2) I find that, in justice court, precinct 1, this county, on June 14, 1923, plaintiff recovered judgment against defendant Gerino for the possession of said premises, and further find that the right of possession of said premises was the only question in issue.

"(3) I find that on June 18, 1923, defendant Gerino, as principal, and defendants Barraco and Beaman, as sureties, executed and filed in said justice court the following appeal bond:

" 'No. 1360.   Courthouse Pharmacy, Inc., v.
                      C. B. Gerino.

" 'Whereas, upon a writ of forcible detainer in favor of Courthouse Pharmacy, Inc., and against G. B. Gerino, tried by Campbell Overstreet, justice of the peace of Harris county, Tex., a judgment was rendered in favor of said Courthouse Pharmacy, Inc., on the 14th day of June, 1923, and against said G. B. Gerino, which said G. B. Gerino has appealed to the county court:

" 'Now therefore, said G. B. Gerino, as principal and ―――― as sureties covenants that he will prosecute his said appeal with effect and pay all costs and damages which may be adjudged against him.

" 'Given under our hands this 18th day of June, 1923.        [Signed]   G. B. Gerino.
              " '[Signed]   V. Barraco.
              . " '[Signed]   S. M. Beaman.

" 'Approved by me this 18th day of June, 1923. Campbell R. Overstreet, Justice of the Peace, Precinct No. 1, Harris County, Texas.'

"(4) I find that said cause was thereupon filed in this court on appeal, where on September 19, 1923, an agreed judgment was entered in favor of plaintiff, finding defendant Gerino guilty of forcible detainer of said premises, fixing plaintiff's right of possession as of June 1, 1923, awarding possession of said premises to plaintiff, and ordering writ of restitution. I further find that, on said appeal to this court, and in the entering of said judgment, the only question in issue was the right of possession of said premises; no pleading having been filed by plaintiff claiming any rent or other damages, and no proof thereof having been offered.

"(5) I find that defendant Gerino, principal,

and defendants Barraco and Beaman, sureties, breached the conditions of the bond set out in finding No. 3 above, did not prosecute the appeal with effect, and did not pay any of the damages that were incurred by plaintiff by reason of said appeal.

"(6) I find that defendant Gerino vacated said premises on October 10, 1923.

"(7) I find that the reasonable rental value of said premises from June 1, 1923, to October 10, 1923, was $100 per month, $3.33⅓ per day, an aggregate rental of $433.33; and from June 19, 1923, the day succeeding the execution of said bond by said sureties, to October 10, 1923, the reasonable rental value of said premises was $373.33.

"(8) I find that, by the execution and breach of said bond, the plaintiff was damaged in the sum of $373.33, and that, by the failure of said Gerino to vacate said premises on June 1, 1923, the plaintiff was damaged in the additional sum of $60.

"Conclusions of Law.

"I conclude that plaintiff is entitled to recover judgment against Gerino as principal and Barraco and Beaman as sureties in the sum of $373.33, with all costs of court; and to recover judgment against Gerino alone in the sum of $60, in addition to the said sum of $373.33."

We agree with appellants that, upon the facts found by the trial court, the plea of res adjudicata should have been sustained and judgment rendered in their favor. The rule of res adjudicata is thus clearly stated in 34 Corpus Juris, p. 818:

"A judgment on the merits, rendered in a former suit between the same parties, or their privies on the same cause of action, by a court of competent jurisdiction, operates as an estoppel, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action."

The rule, as here stated, has been applied by our Supreme Court from the very beginning of the jurisprudence of this state. In the case of Freeman v. McAninch, 27 S. W. 97, 87 Tex. 132, 47 Am. St. Rep. 79, our Supreme Court, speaking through Justice Stayton, uses this language:

"A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies, in reference to the same subject-matter. And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. * * * If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proved, the law can afford him no relief. When a party passes by his opportunity, the law will not aid him."

Among other decisions by our Supreme Court in which the rule has been stated and applied are the cases Rackley v. Fowlkes, 36 S. W. 77, 89 Tex. 617; Cameron & Co. v. Hinton, 49 S. W. 1047, 92 Tex. 492; Hermann v. Allen, 128 S. W. 115, 103 Tex. 383.

[1] In the later cases, the rule, as broadly stated in the above quotation from the Freeman Case, has been interpreted to apply only in cases in which the matter held res adjudicata was fairly within the scope of the pleadings in the former case. But this limitation upon the extent of the rule should only apply in cases in which pleadings are necessary in order to present the matter to the court, and cannot affect the rule when the issue is otherwise presented in cases in which no written pleadings are required.

Article 3960 of our Revised Statutes, prescribing the method of procedure on the trial of forcible detainer cases in the county courts, provides:

"On the trial of said cause in the county court the appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal, and for the reasonable expenses of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant, the said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs."

[2] A suit for forcible detainer is a statutory action in which all of the pleadings and proceedings are prescribed and regulated by statute. It is begun in the justice court, where no written pleadings are necessary except such as are expressly required by statute, and we think it clear, under the provisions of this article, that the plaintiff in the court below was not required, in the former suit, to file any pleadings setting up its claim for rents to entitle it to have recovered upon the appeal bond filed in the county court. The appellants, by signing the appeal bond which was filed in the county court, placed themselves in court, and were answerable for any rents which the plaintiff might have shown were due it for the premises. This being the situation of the parties, when the plaintiff agreed with Gerino upon the entry of a judgment merely giving it possession of the premises, we think it a reasonable inference that such agreed judgment was intended by the parties to dispose of all of the issues between them.

[3] But, be this as it may, as we interpret the rule, plaintiff cannot now be heard to assert that the former judgment did not dispose of all of the issues. It is manifest that the statements in the judge's findings that, "in entering said judgment, the only question in issue was the right of possession of said premises" is based exclusively upon his further statement that no pleadings were "filed by the plaintiff claiming any rents or other damages, and no proof thereof having been offered." The whole record of the former trial, as set out in the fact findings of the

trial court, discloses, we think clearly, that the issue of rents was before the court in that trial, and plaintiff having agreed to a judgment, giving it possession of the property without any mention of the claim for rent, will not now be allowed to assert such claim. Under the quoted statute, as we interpret it, the issue of rents was pending for decision on the former trial, just as it would have been if the plaintiff had filed a written pleading setting up the amount of rents claimed by it, and, when an agreed judgment was entered which did not exclude this matter from the adjudication, such judgment must be held to have disposed of the issue. Hermann v. Allen, supra. In 34 C. J. p. 752, § 1163, it is said:

"A claim or demand, being put in suit and passing to final judgment, is merged or swallowed up in the judgment, loses its vitality, and cannot thereafter be used either as a cause of action or as a set-off, unless the statute otherwise provides."

And again, on page 779, § 1198, the authority last cited, says:

"A judgment settled and entered in whole or in part by the agreement, consent, or compromise of the parties is no less effective as a bar or estoppel than one rendered upon contest and trial, although the pleadings would not, in a contested case, authorize the judgment."

See, also, Patrick v. Roach, 21 Tex. 251; Robbins v. Hubbard (Tex. Civ. App.) 108 S. W. 773; Gee v. Burt (Tex. Civ. App.) 33 S. W. 553, cited in footnote No. 3.

It seems to us, that our application of the rule invoked by appellants is reasonable and just, and is fully supported by the authorities above cited.

It follows from these conclusions that the judgment of the trial court should be reversed and judgment here rendered in favor of appellants, and it has been so ordered.

Reversed and rendered.