**STEPHENSON v. GAINES et al.   (No. 7639.)\***

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1926. On Motion for Rehearing March 2, 1927.)

1. **Appeal and error** �găș917(1)—**Special answer must be taken as true on appeal, for purpose of testing demurrers.**

Where special answer was stricken out on demurrer, it must be taken as true on appeal, for purpose of testing demurrers.

2. **Attorney and client** ⟐⟐145—**Client cannot set up failure of consideration for notes given attorneys in settlement as to fee, where they took judgments of dismissal in action for fees.**

Client is precluded from setting up failure of consideration for notes given attorneys in settlement as to fee, in transaction in which attorneys took judgment of dismissal in action against client for fees, since consideration for such notes was dismissal of former action.

3. **Judgment** ⟐⟐564(1)—**Judgments should be construed and enforced, to give them every possible quality of finality as to bar of litigation.**

Judgments of courts of record should be so construed and enforced as to give them every quality of finality of which they are susceptible, and to bar further litigation on matters in controversy.

4. **Dismissal and nonsuit** ⟐⟐79—**Judgment of nonsuit, based on agreement of parties, should be construed in connection with such agreement.**

Where judgment of nonsuit or dismissal originates out of and is based on agreement of parties, it must be considered and construed in connection with such agreement.

5. **Set-off and counterclaim** ⟐⟐28(2)—**In attorneys' action on notes given for fee, client may properly plead in set-off damages from plaintiffs' negligence in performing services. (Rev. St. 1925, art. 2017).**

In action against client on notes given attorneys for fee, defendant may, under Rev. St. 1925, art. 2017, properly plead in set-off damages from plaintiffs' negligence in performing services, in that they failed to file record in Court of Civil Appeals within prescribed time.

### On Motion for Rehearing.

6. **Appeal and error** ⟐⟐1140(3)—**Reversal will be set aside, and judgment reformed and affirmed, where plaintiffs offered to remit damages efficiently pleaded in cross-action, to which demurrer was erroneously sustained.**

Order of reversal, which was based on error in sustaining demurrer to defendants' cross-action, will be set aside, and judgment reformed and affirmed, where plaintiffs offered to remit amount of damages efficiently pleaded by defendants in such cross-action.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ of error granted April 27, 1927.

Action by John W. Gaines and others against W. M. Stephenson. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Douglas & Carter, of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellees.

SMITH, J. The law firm of Gaines, Quin, Harley & Gaines brought this action against W. M. Stephenson to recover the amount of certain promissory notes executed by Stephenson in settlement of attorney's fees owing to the firm. The obligations sued on were of a series of 13 notes executed on December 15, 1924, the first to mature being for the amount of $1,000, the next 11 for $500 each, and the thirteenth and last for $566.15; the whole series aggregating the amount of $7,-066.15. The notes contained a provision for accelerated maturity in event of default in the payment of any one of the series. It was alleged by the plaintiffs below that the first 5 of the notes were paid at maturity, but that default was made upon the sixth note, whereupon the plaintiffs elected to mature the unpaid obligations, aggregating $4,066.15, and brought this suit on them. Stephenson in his answer pleaded failure of consideration and damages, but the court sustained general and special demurrers to those defenses, and, upon proof of the execution, delivery, and nonpayment of the notes, directed a jury verdict for the plaintiffs. From the judgment based upon this verdict, Stephenson has appealed.

[1] In his special answer, which was stricken out on demurrer, Stephenson alleged the case now to be stated, and which must be taken as true for the purpose of testing the demurrers, which is the only purpose of this appeal:

On August 5, 1924, the parties agreed in writing upon attorney's fees to be paid appellees by appellant as follows: In the cases of—

| | |
|---|---|
| Nichols v. Stephenson | $ 5,000 00 |
| Southern Natural Gas Co. v. Grubstake Co. | 5,000 00 |
| State v. South Texas Co. | 1,500 00 |
| Choice v. Grubstake Co. | 1,000 00 |
| Grubstake Co. v. Coyle | 500 00 |
| Total | $13,000 00 |

Of this amount $2,000 was paid at the time, and a few weeks later—that is, on September 22, 1924—appellees sued appellant to recover the balance of $11,000 (plus $66.15, which, being immaterial to this appeal, will not be included in the calculation or discussion in this opinion). On the following December 24, the parties entered into a settlement of the matters involved in that suit, whereby, in consideration of dismissal, appellant agreed to pay appellees $1,000 cash, which was then paid, and $7,000, to be evidenced by the series of 13 notes described in the first paragraph

of this opinion. This settlement was arrived at by eliminating from consideration the fee of $1,000 in the case of Choice v. Grubstake Company, because it had been embraced in the previous settlement and in appellees' petition by mistake, and by excluding the fees of $1,500 in the case of State v. South Texas Company, and $500 in the case of Grubstake v. Coyle, which were left open without prejudice for future negotiations between the parties. In other words, the only matters actually embraced in the compromise and settlement were the fees of $5,000 in each of the cases of Nichols v. Stephenson and Southern Natural Gas Company v. Grubstake Company.

In pursuance of the foregoing compromise agreement, appellant paid appellees $1,000 in cash and executed and delivered his 13 promissory notes as provided, whereupon, in further pursuance of the agreement appellees took a nonsuit, and the cause was dismissed. As has been shown, appellant paid the first 5 of the series of 13 notes provided for and executed in pursuance of the compromise agreement, leaving unpaid the remaining eight notes, aggregating $4,000. It is upon these unpaid obligations that the instant suit was brought, to which appellant as the maker of the notes set up the matters of defense now to be considered.

In his answer to appellees' petition in the present case, appellant alleged the facts above set out, and sought to defeat recovery by showing a failure of consideration for the fee of $5,000 agreed upon in the case of Nichols v. Stephenson. It was alleged that appellees were employed by appellant and represented him in that suit; that they tried the case in June and July, 1924, when judgment was rendered therein against him; that appellees represented to appellant that the adverse judgment "could be readily reversed" in event of appeal; that upon this representation appellant employed appellees to prosecute the appeal, and that the fee of $5,000 agreed upon was to compensate appellees for "fighting the case through all the available courts." It is then alleged in great detail that appellees negligently failed to file the record of the case in the Court of Civil Appeals within the time prescribed by law, whereby the appeal was dismissed (272 S. W. 220 [Tex. Com. App.] 286 S. W. 197), and that as a result of this negligence appellant lost his right of appeal, to his great damage; that he had paid appellees $1,000 of the agreed fee of $5,000 in the case, which more than compensated them for the services they had actually performed in the case, the value of which had been lost by reason of the negligent failure of appellees to prosecute the appeal; wherefore the consideration for the notes sued on had failed in so far as they covered the agreed fee in that particular case.

Appellant further alleged by way of cross-

action that, because of the negligent conduct of appellees in the case of Nichols v. Stephenson, appellant was required to pay $1,010 stenographer's fees and $335 court costs, in which amounts, plus the cash fee paid appellees in that case, he had been damaged, and he prayed for judgment against appellees in the amount of those items. The allegations of appellant setting forth the plea of failure of consideration and for damages were stricken out by the trial court on demurrers urged by appellees, on the grounds that said allegations constituted no defense to the suit and that the matters set up by way of cross-action could not be pleaded in set-off against appellees' suit upon the notes in question. Thus arise the two questions involved in the appeal.

It will be observed from the stricken allegations that in the compromise agreement all matters in controversy were postponed for further negotiations and adjustment, except the fees in the two cases of Nichols v. Stephenson and Southern Gas Company v. Grubstake Company, which were confirmed in the compromise agreement in the amount of $5,000 in each case, of which $2,000 had been paid, leaving a balance of $8,000, and that the notes sued on were given in settlement of that balance. No question is made as to the validity and finality of the amount fixed as the fee in the Southern Gas Company Case, and therefore the controversy is confined to the enforceability of the obligation of appellant to pay the full amount of the fee fixed in the case of Nichols v. Stephenson.

[2-4] It therefore becomes necessary, first, to determine the conclusiveness of the settlement of the Nichols v. Stephenson fee as fixed by the settlement agreement and the judgment of dismissal of the former suit resulting from that agreement. Was that settlement and the judgment of dismissal based thereon, so conclusive upon the parties and of the controversy as to cut off a plea of failure of consideration for the agreement? We are of the opinion, and so hold, that the judgment based on that agreement had such effect, and was conclusive upon the parties in all matters embraced in the agreement. Judgments of courts of record should be so construed and enforced as to give them every quality of finality of which they are susceptible, and their dignity and integrity should be given such effect as to bar further litigation upon the matters brought into controversy in the suit in which the decree is entered, or in which any matter material to the suit could properly have been litigated.

Primarily a judgment of nonsuit is an exception to the rule, and determines no matter involved in the litigation so terminated, except to postpone the controversy at the will of the parties, for a nonsuit is said to be "but like the blowing out of a candle, which a man at his own pleasure may light again." But a judgment of nonsuit, or of dismissal, assumes a deeper significance and a far wider effect when it originates out of and is based upon an agreement of the parties, and in such case must be considered and construed in connection with that agreement. It amounts to an adjudication of the matters contemplated in the agreement, so as to constitute an adjustment of those matters, which are thereby as fully settled as if they had been affirmatively disposed of by a final judgment. We conclude, therefore, that in view of this adjudication appellant was precluded from setting up a failure of consideration for the execution of the notes here sued on. The consideration for those notes was not the performance of the services in the cases of Nichols v. Stephenson and Gas Company v. Grubstake Company, but was the dismissal of the former suit, which the stricken pleadings show to have been done as contemplated in the agreement. The trial court, therefore, correctly struck out the defense of failure of consideration.

[5] It remains only to be determined if appellant's cross-action for damages was properly pleaded in set-off against appellees' suit upon the notes in controversy. In determining this question we are not concerned in the actual merits of the cross-action for damages, but only in the question of whether the matters set up in the cross-action, if established in law and fact, may properly be urged in set-off of appellees' recovery upon the notes. We think the question is settled by the provisions of article 2017, R. S. 1925:

"* * * If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. However, the defendant may plead in set-off any counterclaim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

The plaintiffs' suit is one to recover the amount of promissory notes given in settlement of attorney's fees, which appellant agreed to pay appellees for representing him in the case of Nichols v. Stephenson, and appellant's cause of action for damages is founded upon the alleged negligence of appellees in performing the services to which appellant was entitled in such representation. In short, appellant's cause of action is upon a breach of the very contract out of which appellees' liquidated claim arises, and appellant's cause of action is therefore clearly within the provision of the statute that:

"The defendant may plead in set-off any counterclaim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

The court therefore erred in sustaining the general demurrer to appellant's cross-action.

The judgment is reversed, and the cause remanded.

**On Motion for Rehearing.**

[6] As an alternative to reversal, appellees offer to remit the amount of damages efficiently pleaded by appellants in the cross-action filed by them in the court below, and which was stricken out on exceptions. We conclude that the maximum amount recoverable under appellants' allegations is $2,278.-85, and under appellees' offer to remit we will dispose of the case upon that basis. Accordingly, the order of reversal will be set aside, and an order will now be entered, reforming the judgment of the trial court, so as to deduct the sum of $2.278.85 from the amount recovered by appellees, and, as so reformed, that judgment will be affirmed, at the cost of appellees.