**PROVINES v. BELL et al.**

No. 9572.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1935.

As Corrected on Denial of Rehearing June 19, 1935.

Gaines, Gaines & Roberts, of San Antonio, for appellant.

Johnson, Rogers, Slatton & Johnson and C. S. Slatton, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Mrs. O. H. Provines, a widow, in the Forty-fifth district court of Bexar county, Tex., against C. L. Bell and Eunice Hyatt Bell, seeking to recover the sum of $3,500 alleged to be the loss sustained by her, growing out of the purchase of an undivided royalty interest in the mineral rights of a tract of land situated in Bee county, Tex.

The facts are: In May, 1930, M. A. Newman and wife conveyed to C. L. Bell and wife an undivided royalty interest in and to all of the oil, gas, and other minerals, in and under a certain tract of land located in Bee county, Tex. Such conveyance was made with general warranty.

In October, 1930, C. L. Bell and wife conveyed all of their right, title, and interest in and to the above-described mineral estate to the appellant herein, Mrs. O. H. Provines, in consideration of the payment of $5,000 in cash, such conveyance being without warranty.

In June, 1931, M. A. Newman and wife filed suit in the district court of Bee county against C. L. Bell and wife, Mrs. O. H. Provines, and Houston Oil Company of Texas, alleging, in effect, that the mineral interest conveyed by them to the Bells and in turn conveyed by the Bells to Mrs. Provines, was in fact only a 1/512 royalty interest in and to 200 acres, and not a 1/64 royalty interest in and to 397.3 acres, as was then being claimed by Mrs. Provines. The Bells filed an answer in this cause alleging that the Newmans did in fact convey to them a 1/64 undivided royalty interest in and to all oil, gas, and other minerals in said 397.3 acres. Mrs. Provines answered in said cause, adopting the pleadings of the Bells and also setting up a cross-action against the Bells, alleging that C. L. Bell, who was, by profession, a lawyer, had represented to her that he and his wife owned a 1/64 royalty interest in said land, and asking that she recover over and against the Bells for any damages that might be sustained by her in the event it should be determined in the suit that the Bells owned and conveyed to her anything less than a 1/64 royalty interest in and to the mineral estate in said land.

Ultimately an agreed judgment was entered in the suit then pending in the district court of Bee county, decreeing that the conveyance from the Newmans to the Bells should be corrected and reformed so as to show a conveyance from them to the Bells of a 1/128 royalty interest in the mineral estate of 397.3 acres of land, and likewise the conveyance from the Bells to Mrs. Provines should be corrected and reformed so as to show a conveyance of the same royalty interest, and that the Newmans should recover from Mrs. Provines

the sum of $1,000, which she had theretofore received from the Houston Oil Company under her asserted 1/64 royalty interest in 397.3 acres of land. Said judgment further decreed that the cross-action filed by Mrs. Provines against the Bells should be dismissed; and the judgment contained a further provision and decree that "all other issues arising herein by the pleadings or proof, and not herein specifically disposed of * * * shall be and are now adjudged against the parties seeking recovery or any relief thereon."

After the entry of the above judgment in the district court of Bee county, Mrs. Provines instituted the present suit against the Bells seeking to recover damages alleged to have been sustained by her as a result of her interest having been reduced by said decree from a 1/64 royalty interest in 397.3 acres to a 1/128 royalty interest in 200 acres.

The Bells, among other pleas, filed a plea of res judicata in the present cause.

The case was tried before the court without the intervention of a jury and resulted in judgment that appellant take nothing as against the Bells, and from this judgment Mrs. Provines has appealed.

■ We are of the opinion that the plea of res judicata was properly sustained by the trial court. In the trial of the cause in Bee county the same cause of action that is here asserted was set up by appellant in her cross-action against the Bells. It is true that by the agreed judgment entered in the district court of Bee county this cross-action was dismissed. However, this judgment was an agreed judgment and recites that all parties had entered into an agreement in settlement of all matters in controversy between them. As a result of this judgment, the Bells gave up their contention that the Newmans had, in fact, conveyed to them a 1/64 royalty interest in 397.3 acres, and permitted that conveyance to be reformed and amended so as to show a conveyance of only a 1/128 royalty interest in 200 acres. And, likewise, Mrs. Provines agreed that the conveyance from the Bells to her might be reformed and corrected in the same manner. She also agreed to a dismissal of her cross-action against the Bells. Such judgment, so entered by agreement of all the parties, was a final judgment on the merits as to all matters in controversy between the parties, and so long as it remains a final judgment is a complete bar against any of the parties again litigating any of the matters involved in said suit in the district court of Bee county.

■ In 26 Tex. Jur., p. 103, § 401, it is stated: "A judgment by confession or by consent or stipulation is as much on the merits and as conclusive as a judgment rendered after contest. * * *" See, also, Garner v. Burleson, 26 Tex. 348; Barraco v. Courthouse Pharmacy (Tex. Civ. App.) 280 S. W. 307; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017; Castleberry v. Bussey (Tex. Civ. App.) 166 S. W. 14; Robbins v. Hubbard (Tex. Civ. App.) 108 S. W. 773; Hartford Fire Ins. Co. v. King, 31 Tex. Civ. App. 636, 73 S. W. 71; Haynie v. McAnally (Tex. Civ. App.) 27 S. W. 431. The fact that the cross-action was disposed of by a dismissal of the same does not preclude such judgment from being res judicata in so far as the cross-action is concerned. 26 Tex. Jur., p. 101, § 399; Stephenson v. Gaines (Tex. Com. App.) 298 S. W. 401, reversing (Tex. Civ. App.) 291 S. W. 602, on other points.

■ The plea of limitation interposed by appellees, and sustained by the trial court, was also a complete and legal defense to appellant's cause of action herein. The conveyance from the Bells to Mrs. Provines was without warranty. Her cause of action was based upon the allegation that C. L. Bell, an attorney of a number of years' experience, in whom she had confidence, had represented to her at the time she purchased this royalty interest that he and Mrs. Bell were conveying to her a 1/64 royalty interest in and to 397.3 acres of land, and that his title to same was good, and that she had relied upon such representations. In other words, appellant's cause of action is based upon fraud and deceit, which were perpetrated, if at all, more than two years before she instituted her suit. She makes no allegation in her petition which would toll the running of the statute of limitation. Therefore, her cause of action was, upon the face of her petition, barred by the two years' statute of limitation (Vernon's Ann. Civ. St. art. 5526), and the trial court properly rendered judgment for appellees, based upon their plea of the statute of limitation.

For the reasons above stated, the judgment of the trial court will be in all things affirmed.