## MORGAN P. ELLIS v. J. J. MILLS ET AL.

The plaintiff sued the defendants in an action of trespass to try title. The defendants plead the general issue, and put in evidence the record of a former suit of trespass to try title, instituted against them by the plaintiff for the same land and on the same title, which former suit had been dismissed by the plaintiff on a compromise between him and the defendants, by which the defendants agreed to pay the costs of the suit and the fees of the plaintiff's attorneys, and the plaintiff agreed to dismiss the suit and to withdraw his claim to the land. The defendants further proved that they had complied with the terms of the compromise on their part : *Held*, that the plaintiff was precluded by the compromise from maintaining this second action against the defendants, notwithstanding that the compromise may have resulted differently from what the plaintiff anticipated, in consequence of the refusal of the commissioner of the general land office to permit him to float his certificate from the land.

It will be seen that evidence of the compromise and the former judgment based thereon were admitted under the general issue of "not guilty." (Paschal's Dig., Art. 5307, Note 1153.)

If a party seek to avoid a compromise for which value has been paid, and which has become the judgment of a court, on account of any fraud or mistake, he must attack it by a direct proceeding for that purpose. (Paschal's Dig., Arts. 5292, 5307, Notes 1142, 1153.)

But a party who has made a compromise, whereby he got fees and costs paid, and got a patent for the land in suit, cannot be permitted to disregard and evade it, by maintaining a second suit against the defendants for the land upon the strength of the patent thus obtained, more than a year after the judgment, and he retaining the benefits he had derived under the compromise. (Paschal's Dig., Art. 5298, Note 1145.)

Where, upon the merits, the plaintiff has no right to recover, immaterial rulings against him will not be revised.

APPEAL from Johnson. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The facts of this case are sufficiently indicated in the syllabus and the opinion.

*J. W. Berry*, for the appellant.

*J. W. Ferris*, for the appellee.

Moore, C. J.—The appellant evidently cannot recover the land for which he asks a judgment against the appellees in this action. A previous suit had been brought by him against these same parties for the identical land to which he is now asserting a title, in which the controversy between the parties had been compromised and finally settled. By this compromise, which was supported by an adequate consideration, the suit then pending was dismissed, and the appellant withdrew his claim to the land in dispute between himself and the appellees. If the legal effect of this agreement have not proved to be precisely such as he supposed at the time it was made, he has no cause to complain on this account of the appellees. No fraud or imposition was practiced on him by them in this matter. As far as is shown by the record, they have acted with entire good faith, and have fully complied with the stipulations of the compromise on their part. If the compromise have occasioned any injury or loss whatever to appellant, it is attributable alone to his ignorance of the legal consequences of his agreement, though it is by no means certain, from anything shown in the present record, that he has suffered any loss or damage by reason of it. If the suit had not been compromised, to say the least, it is not at all certain that it would have ended more favorably for him than it did by the judgment entered by consent. But, be that as it may, he chose to close the controversy between himself and the appellees, in respect to the land which was respectively claimed by them, on terms to their mutual satisfaction. While the compromise and agreement between the parties thus made remain in force, it is conclusive of the matter then in dispute, and they preclude him from any claim to the land under the title he was then asserting to it.

It is needless for us to speculate whether the facts connected with this compromise are such as to entitle the appellant to have the compromise set aside. He has not

sought to do this, or proposed to refund to appellees the money paid by them. Evidently he cannot claim the benefit of the compromise by which his attorney's fees were paid for him, as well as the cost of the former suit, and then, on the strength of the patent which by it he has been enabled to procure, without a legal determination of the respective equitable titles upon which the parties then stood, eject the appellees from the land. There was consequently no error in the refusal of the court to permit him to contradict or vary the judgment in the previous suit by parol evidence. If he wished to avoid or be relieved from the compromise, he should have invoked directly the equitable power of the court for this purpose. He certainly cannot be relieved against it by bringing another action of trespass to try title more than twelve months after the judgment in the first case has by his consent been rendered against him.

Several other questions are presented in the record, in some of which the rulings of the court are manifestly erroneous; but as these questions could not possibly affect the final result of the case, and evidently in no manner induced the present judgment, their discussion is altogether unnecessary.

The judgment is correct, and as there is no error in the record for which it should be reversed, it is

AFFIRMED.