## W. J. TOWNSEND ET AL. v. J. A. SCURLOCK ET AL.

Decided November 3, 1906.

**Judgment of Dismissal—Estoppel.**

Where in a suit of trespass to try title to land in W. County the attorney for defendants, when the case was called for trial, presented a written agreement of compromise by which it was provided that a third person, not a party to the suit, should convey to the plaintiff the land in controversy and that the plaintiff should convey to said third person all of his interest in certain land in A. County, and that said suit should be dismissed, which was accordingly done, and the conveyance was executed by the plaintiff as therein stipulated. Held, that although there was no adjudication of the title to the land in controversy in the judgment of dismissal, still the defendants and those claiming under them would be estopped from claiming the land in controversy in that suit conveyed to the plaintiff by said third person.

Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*R. E. Carswell* and *Trabue Carswell,* for appellants.—The judgment of dismissal, though entered by agreement of both parties, is not res adjudicata of any issue in the case, as a common law retraxit. Such practice does not prevail in Texas. Black on Judg., sec. 27; White v. Williams, 13 Texas, 261; Scherff v. Missouri Pac. Ry. Co., 81 Texas, 473; Black on Judg., secs. 611 and 612; Horner v. Brown, 16 Howard, 365; Worst v. Sgitcovich, 46 S. W. Rep., 73.

*T. L. Foster, W. H. Bullock, June C. Harris* and *Goodrich & Synott,* for appellees.—The judgment of the District Court of Angelina County was a judgment of dismissal upon agreement, being the concurrent act of all the parties to that suit and was an adjudication and final determination as to those parties and their privies of all the matters in litigation in the suit. United States v. Parker, 120 U. S. Sup. Ct. Rep., 89; Ellis v. Mills, 28 Texas, 584; Merritt v. Campbell, 47 Cal., 542; Parks v. Dunlap, 86 Cal., 189; 24 Am. and Eng. Ency. Law (2d ed.), 807.

The Claytons having by their agreement in open court, in effect, admitted that the title to the land in controversy was in J. H. Stark, and W. J. Sneed having been induced thereby to convey his locative interest in the lands in Angelina County to J. H. Stark in consideration of Stark's land in Wise County; they and their privies in estate are bound by the recitals in said agreement and are now estopped from asserting title in themselves. Tadlock v. Eccles, 20 Texas, 782; Wilkerson v. Shoonmaker, 77 Texas, 615; 11 Am. and Eng. Ency. Law (2d ed.), 391.

CONNER, CHIEF JUSTICE.—The judgment for appellees, who were plaintiffs below, for the recovery of the title and possession of all but a small portion of the south one-half of the twelve hundred and sixty-five acre survey situated in Wise County, Texas, patented to James G. W. Clayton, is dependent upon the following judgment of the District Court of Angelina County, Texas, to wit:

"No. 259.    Wm. J. Sneed v. Elizabeth Clayton, Joseph Clayton, Wm. A. Clayton. Tuesday, March 24, 1868. Minutes of the District Court. Spring Term, 1868.

"This case being called for trial an article of agreement to compromise being submitted by defendant's counsel. It is ordered by the court that said agreement be entered upon these minutes, which is as follows, to wit:

" 'William J. Sneed v. Clayton et al.    Suit pending in the District Court of Angelina County.

" 'It is hereby agreed in compromise and full settlement of this case that J. R. Stark hereby binds and obligates himself to convey to William J. Sneed, plaintiff in this cause, a tract of land in the county of Wise which is patented in the name of James G. W. Clayton with warranty of title against the heirs and children and widow of the said Clayton, and in consideration thereof said Sneed hereby agrees to convey and relinquish to the said Stark who holds the title of the heirs of the said Clayton, to the lands located by virtue of the head right of the said Clayton, all his locative interest in the said lands located in the county of Angelina by virtue of the aforesaid head right of the said Clayton. It is further agreed that the aforesaid suit in the county of Angelina shall be dismissed by agreement, each party paying his own cost therein.

" 'Given under hands and seals, using scrolls for seals, this the 29th day of February, 1868.

J. R. Stark, Seal.<br>Wm. J. Sneed, Seal.'

"It is therefore ordered and decreed by the court that this cause be dismissed upon the terms of the above article of compromise, and that each party pay his own cost by him incurred in said cause, and that execution issue against each party respectively in favor of the officers of the court for said costs incurred by himself."

J. R. Stark conveyed the land in controversy to the W. J. Sneed named in the above judgment on July 1, 1868, and it is admitted that James G. W. Clayton died prior to the year 1860 and that appellees have all of the title so acquired by Sneed, save fifty-five acres owned by the appellant Blount.

William A. Clayton on January 4, 1886, executed deed to an undivided one-half interest in the above named survey and afterwards, to wit, on May 26, 1886, the surviving wife of Joseph Clayton, who died without issue, made deed to the south one-half of the survey in controversy. Appellants have all of the title conveyed by these two deeds from and under Joseph and William Clayton. The record fails to show anything further necessary to notice in relation to the judgment hereinbefore copied or to the parties thereto, save that a number of docket entries of the District Court of Angelina County, Texas, were introduced showing that the suit of William J. Sneed v. Elizabeth Clayton, Joseph Clayton, and William Clayton was instituted in trespass to try title; that citation had issued therein on April 19, 1860, and returned, "served upon defendants in due time." It further appears from such docket entries that the case had been continued by consent from time to time until finally settled.

Appellants say in their brief that "the only question involved in the determination of the case is the legal effect of the judgment and entries of the District Court of Angelina County, Texas," and we will so treat it. Appellants insist that the judgment was one of dismissal only; that it awarded the plaintiff therein, William J. Sneed, nothing, and that the judgment therefore can not show title. We have concluded, however, that the court below gave the proper construction to the judgment. While there is no pretense therein of an adjudication of title to the land in controversy in William J. Sneed, we think nevertheless, that as against the defendant in that suit it amounted to an admission by them that the title to the land in controversy was either in the J. R. Stark named in the agreement upon which the suit was dismissed, or that J. R. Stark had the legal right to convey to William J. Sneed. If so, neither the Claytons nor those claiming in their right could afterwards dispute the solemn admission so made. The judgment at least establishes the fact that the compromise agreement set out in it was presented in behalf of Elizabeth, Joseph and William Clayton and was made the ground of dismissal. It was upon the presentation of this agreement by their own attorney that the court acted; they availed themselves of it and reaped the benefit of the action of the court in dismissing the suit, and while unimpeached we do not think they or appellants, who are in privity with them, can dispute the record or be heard to deny its legal effect.

There is no claim in behalf of appellants of a purchase by them without notice of the judgment under consideration, or of the title claimed by appellees, and we therefore conclude that at the time William

Clayton and the heirs of Joseph Clayton undertook to convey the land in controversy they were either without title or were estopped from conveying title. The judgment of the court below is accordingly in all things affirmed.

*Affirmed.*

Writ of error refused.