**RICH et ux. v. WALKER–SMITH CO.**

No. 7623.

Court of Civil Appeals of Texas. Austin.

July 25, 1931.

Rehearing Denied Sept. 23, 1931.

See also 26 S.W.(2d) 401.

Jesse G. Foster, of Raymondville, and Callaway & Callaway, of Brownwood, for appellants.

McGaugh & Darroch and E. M. Davis, all of Brownwood, for appellee.

McCLENDON, C. J.

This was a suit brought by appellee to foreclose vendor's lien notes upon property that was originally the business homestead of appellants. The appeal is from a judgment in favor of appellee upon a directed verdict. The controversy arose out of the following facts, which are without material conflict in the evidence:

Rich was engaged in the retail mercantile business, and appellee was a wholesaler. On July 20, 1924, the property was conveyed by Rich and wife to appellee by general warranty deed for a recited consideration of $5,000. At that time Rich was indebted to appellee to the extent of about $9,000 for merchandise, upon open account, which was credited with the $5,000, the consideration stated in the deed. May 20, 1925, appellee reconveyed the property to Rich in consideration of five vendor's lien notes aggregating $5,000. The deed was not recorded, and it was probably lost. November 22, 1926, Rich was adjudged a voluntary bankrupt. He received his discharge in bankruptcy on June 6, 1927. February 19, 1927, appellee sued appellants in the district court of Brown county, seeking foreclosure of the vendor's lien notes. March 8, 1927, appellants answered in that suit, alleging that the property was their business homestead, and that the deed of June 20, 1924, was in fact a mortgage and was therefore void. Other irregularities with reference to the execution of that deed were alleged. March 3, 1927, appellants sued appellee in trespass to try title, to recover the property, in the district court of Haskell county, in which county the property was located. On October 28, 1927, a compromise of all matters in dispute in the two suits was arrived at between appellants and appellee, which was embodied in a written instrument executed and acknowledged by both appellants. This instrument recited the 1924 deed, the 1925 reconveyance and execution of the vendor's lien notes, and the controversy which had arisen in regard to the validity of the lien involved in the two suits, and that it was "the desire of all parties to settle and adjust all matters in controversy in both suits." Rich and wife ratified and confirmed both conveyances, the date of payment of the notes was extended, and additionally appellee agreed to sell Rich $650 worth of merchandise for which Rich was to execute his note. Each suit was to be dismissed at the cost of the plaintiff. This agreement was carried out. The dismissal order in the suit brought by appellee recited that the plaintiffs and defendants came by their attorneys, "and announced to the court that the matters in controversy in this suit had been settled, and that plaintiff would not further prosecute said suit, and asked that the same be dismissed."

Appellants' contentions may be reduced to two propositions:

(1) That under the evidence of Rich, that the 1924 deed was in fact a mortgage for the

security of a debt, the deed was void as an attempt to create a mortgage upon the homestead; and, being void, it was not subject to ratification.

(2) That the evidence raised the issue of fraud in the compromise agreement, in that Rich and wife testified that the instrument evidencing the compromise agreement did not represent the true agreement of the parties, which was that appellee should deliver to Rich $5,000 in merchandise, and additionally should give him a $5,000 line of credit, instead of only $650, as recited in the instrument.

The first contention is overruled under the following elementary legal principle: "The compromise of a doubtful right is a sufficient foundation of an agreement, and such compromise will not be set aside though it should afterwards appear that the party taking something under the contract was really entitled to nothing, provided the compromise was in good faith, and without concealment, fraud or misrepresentation." Camoron v. Thurmond, 56 Tex. 22. See, also, 9 Texas Jurisprudence, p. 343, § 9, and authorities there cited.

The second contention is overruled because the evidence introduced and tendered was insufficient to establish fraud, in that it showed conclusively that Rich knew the contents of the instrument at the time he signed it, and with such knowledge he accepted all the benefits of the contract. Rich's own testimony is unequivocally to this effect, and it would serve no useful purpose to set it out in detail here.

In this connection we sustain the two following propositions of appellee, with the supporting authorities:

"Omission of a part of a previous or contemporaneous oral agreement from the written contract, where the complaining parties, at the time of signing, knew that all the agreement was not embraced in the contract, is not by mistake, and said complaining parties cannot avoid the same by pleading fraud, accident or mistake. Tom v. Roberson (Tex. Civ. App.) 182 S. W. 698, 700; Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767; Hart v. Joplin (Tex. Civ. App.) 146 S. W. 1075; Tex. Pacific Coal & Oil Co. v. Stuard (Tex. Civ. App.) 7 S.W.(2d) 878–882; Van Zandt v. Desdemona Independent School Dist. (Tex. Civ. App.) 283 S. W. 626; Boesen v. Potter County (Tex. Civ. App.) 173 S. W. 462; Commonwealth Bonding & Casualty Ins. Co. v. Barrington (Tex. Civ. App.) 180 S. W. 936, 939."

"Where a written contract speaks in unambiguous terms, and both parties thereto understand the terms thereof, any parol contemporaneous evidence is inadmissible to contradict or vary the terms of such instrument. Luckenbach v. Thomas (Tex. Civ. App.) 166 S. W. 99; Tom v. Roberson (Tex. Civ. App.) 182 S. W. 698; Lane v. Urbahn (Tex. Civ. App.) 265 S. W. 1063; Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 43, 44; East Line & R. R. R. Co. v. Garrett, 52 Tex. 139; Commonwealth Bonding & Cas. Ins. Co. v. Barrington (Tex. Civ. App.) 180 S. W. 936, 939; Tex. Pacific Coal & Oil Co. v. Stuard (Tex. Civ. App.) 7 S.W.(2d) 878; New Amsterdam Casualty Co. v. Harington (Tex. Civ. App.) 11 S.W.(2d) 533."

The trial court's judgment is affirmed.

Affirmed.