## RICH et ux. v. WALKER SMITH CO.
### No. 1653—6110.

Commission of Appeals of Texas, Section A.
March 22, 1933.

Jesse G. Foster, of Raymondville, and Callaway & Callaway, of Brownwood, for plaintiffs in error.

McGaugh & Darroch and E. M. Davis, all of Brownwood, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the defendant in error, Walker Smith Company, a corporation, against the plaintiffs in error, H. R. Rich and wife, to recover on five alleged vendor's lien notes, and to foreclose the lien. The notes were alleged to have been executed by Rich, on May 20, 1925, for the purchase money of a certain lot in the town of Weinert in Haskell county. The plaintiffs in error set up homestead rights in the lot, as hereinafter explained. The case was tried to a jury. The trial court instructed a verdict for the company. Judgment was, rendered in favor of the company for the amount sued for, with foreclosure of the alleged vendor's lien on the lot. That judgment has been affirmed by the Court of Civil Appeals, 42 S. W.(2d) 181.

The material facts, admitted in evidence, are substantially as follows:

On July 30, 1924, Rich, who was a retail merchant, was indebted to the Walker Smith Company, a wholesaler, in the sum of $9,000 for goods purchased by Rich in conducting his business as a merchant. On the date mentioned, Rich and wife executed to the company a warranty deed, purporting to convey to the company the lot in question, for the recited consideration of $5,000 cash. On May 20, 1925, the company executed a deed purporting to reconvey the lot to Rich for $5,000, which sum is evidenced by the five notes herein sued on. The deed purported the retention of the vendor's lien. In 1927, the notes remaining unpaid, the company brought suit against Rich and wife to recover on the notes and for foreclosure of the vendor's lien. Rich and wife answered in said suit, and set up substantially the following facts, in defense against foreclosure of the alleged lien, namely: (1) That said lot was their business homestead, and was such on and before and ever since July 30, 1924; (2) that the deed of July 30, 1924, and the deed of reconveyance of May 20, 1925, were pretended conveyances, and were executed by the respective parties in pursuance of a common design to charge the business homestead with a lien to secure $5,000 of the $9,000 indebtedness of Rich for merchandise. After said answer was filed, Rich and wife and the Walker Smith Company got together and made a compromise agreement with reference to the matters in controversy in said suit. The compromise agreement was in writing, and was duly signed and acknowledged by all parties. The terms of the agreement were, in substance, that all matters in dispute were thereby settled, and Rich and wife ratified and confirmed the deed of July 30, 1924, and the deed of reconveyance of May 20, 1925; that the Walker Smith Company was to dismiss the said suit, extend the time of payment of the notes in question, and make advancements of merchandise to Rich to the amount of $650—all of which the company did.

In the present suit, Rich and wife pleaded that the lot in question is their business homestead, and set up the same defense, with respect to the validity of the lien asserted by the company, as they had set up in the previous suit. At the trial Rich and wife offered testimony to prove the facts alleged, but the trial court excluded such testimony on the ground that all questions going to the validity of the company's lien were concluded by the compromise agreement stated above.

The action of the trial court in the respect just mentioned was erroneous. The Constitution (article 16, § 50) provides that: "No mortgage, trust deed, or other lien on the homestead shall ever be valid * * * and all pretended sales of the homestead involving any condition of defeasance shall be void."

The proffered testimony, if found true, would have established the invalidity of the lien claimed by the Walker Smith Company. The fact that the compromise agreement had occurred would make no difference. That which the Constitution declares void cannot be made valid by agreement of the parties.

If, when the compromise was made, the facts really existed which rendered the lien void under the Constitution, the parties could not make the lien valid by agreeing that such facts did not exist. The fact that, in the compromise, Rich and wife ratified the instruments in question would not operate to estop them from asserting their homestead rights in the present suit.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed and that the cause be remanded.

CURETON, Chief Justice.

Judgments of the Court of Civil Appeals and of the district court are reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.