### RICH et ux. v. WALKER–SMITH CO.

No. 8164.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1935.

Rehearing Denied Feb. 26, 1936.

Jesse G. Foster, of Raymondville, and Callaway & Callaway, of Brownwood, for appellants.

E. M. Davis, R. L. McGaugh, and J. C. Darroch, all of Brownwood, for appellee.

BAUGH, Justice.

This is the second appeal of this case. On the former appeal the issues in controversy were, first, whether the conveyance by Rich and wife to Walker-Smith Company, in July, 1924, of their business homestead in Haskell county, Tex., and the reconveyance to them of same by

Walker-Smith Company in May, 1925, wherein Walker-Smith took vendor's lien notes against said property, were bona fide conveyances, or were merely a subterfuge to fix a mortgage on such homestead; and, second, whether the compromise agreement made between said parties in 1927, after Walker-Smith had filed suit on said notes, confirming the original conveyance, barred Rich from thereafter asserting such homestead exemption. A full statement of the facts and the issues appear in our opinion in 42 S.W.(2d) 181, and in that of the Supreme Court in 57 S.W.(2d) 1098.

The compromise agreement in which Rich and wife ratified and confirmed the former conveyances, executed new notes, and secured additional credit from Walker-Smith Company, was held by us on the former appeal to be binding, and to bar the Riches from thereafter asserting that the original transactions were void as to their business homestead. That holding was reversed by the Supreme Court, and the cause remanded for trial on the question of whether or not the conveyances were merely for the purpose of fixing a mortgage on the property.

In the instant case these issues were submitted to a jury, but they could not agree upon answers thereto. In addition to the issues presented on the former appeal, the appellee, plaintiff below, by supplemental pleading, pleaded the judgments of dismissal in the former suits, entered after the compromise agreement was made, as res adjudicata of the homestead question. The judgments pleaded were rendered under the following circumstances: When the vendor's lien notes executed by Rich to Walker-Smith matured and were not paid, Walker-Smith brought suit thereon to foreclose its lien in the district court of Brown county. In answer to this suit, Rich defended on the ground that the transactions between them were merely intended as a mortgage on their homestead, and that therefore such purported lien was void. Thereafter, Rich and wife, as plaintiffs, brought suit against Walker-Smith in trespass to try title in the district court of Haskell county, on the same grounds alleged as a defense to the suit in Brown county. While these suits were pending, the compromise agreement in question was made. The judgment entered in the Haskell county case was as follows: "On this the 6th day of February, 1928, came on

to be heard the above styled and numbered cause when same was dismissed on motion of plaintiffs and at their cost."

The judgment entered in the case in Brown county was:

"On this the 7th day of December, A. D. 1927, this cause having been reached and called for trial, came the plaintiff by its attorney and the defendants by their attorney and announced to the court that the matters in controversy in this suit had been settled and that plaintiff would not further prosecute said suit and asked that the same be dismissed.

"It is therefore the order and judgment of the court that this cause be, and the same is hereby in all things dismissed and that the defendants go hence and recover their costs; it is further ordered that the plaintiff herein pay all costs in this prosecution expended for which execution will issue."

Though the jury could not agree on answers to the homestead issues presented in the instant case, the parties agreed, as shown by the record, first, that each of the pending cases in which the foregoing judgments were entered "was dismissed after the compromise settlement and with the intention that said dismissal would be a final settlement of the matters in controversy therein between plaintiff and defendant"; second, that relying in good faith on such compromise, Walker-Smith remitted $1,000 in interest on its claimed debt, and extended credit to Rich to an additional extent of $650; third, that it would not have done so but for such compromise agreements made.

■ The questions of the additional consideration for the compromise agreement were before the Supreme Court on the former appeal [57 S.W.(2d) 1098], and were held not to estop or bar the appellants from asserting their homestead defenses pleaded. These defenses were the same on the former trial as in the instant case, and need not be further considered here. These matters, therefore, will not sustain the trial court's judgment, again rendered for the plaintiffs, in the instant case.

The trial court also based its judgment in favor of Walker-Smith in the instant case, on the conclusion that the judgments of dismissal above set out, in the light of the agreed facts above recited, were res adjudicata of appellants' contentions.

■ While the question is not raised, it is obvious that the suits in Brown county and Haskell county were between the same parties, and admittedly involved identically the same facts and the same subject-matter. It is not controverted that the district court of Brown county had jurisdiction of the suit there filed. The record discloses that the suit in that county was filed by Walker-Smith before the suit was filed in Haskell county by Rich and wife. That being true, the district court of Haskell county was without jurisdiction, and under the holding in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, any order entered by it going to the merits of the case would be void. In addition, the judgment of dismissal in that court on its face obviously adjudicated no rights of the parties. It is necessary to here consider, therefore, only the judgment of the district court of Brown county. Is that judgment res adjudicata of issues presented in appellants' case? Clearly we think it is not.

■ Appellee cites numerous authorities in support of its contention that where a judgment of dismissal is entered, based upon a compromise or settlement of the matters in litigation, such judgment is upon the merits, both parties are precluded from thereafter relitigating the same issues, and it becomes res adjudicata of such matters. These authorities are collated under the texts cited in 15 Tex.Jur. 268; 26 Tex.Jur. 95–103; 34 C.J. 779, 784, 787. Particularly is the case of U. S. v. Parker, 120 U. S. 89, 7 S.Ct. 454, 30 L.Ed. 601, relied upon by appellee as being conclusive of this question. The contentions made are in large measure predicated upon th common-law doctrine of retraxit. The suit in the Brown county district court was by Walker-Smith for debt and foreclosure of an asserted vendor's lien. Rich's reply was in the nature of a cross-action. We do not understand that he denied personal liability for the debt. The dismissal or retraxit, if such it were, in that case was by the plaintiff Walker-Smith Company. Clearly, it was not an agreed judgment. If the compromise agreement, upon which plaintiff dismissed its suit, and which the Supreme Court held on the former appeal did not bar a further trial of the homestead issue, had been made a part of said judgment, as was done in Townsend v. Scurlock, 44 Tex.Civ.App. 141, 99 S.W. 123, a different question would be presented. But there is no indication that the trial judge in that case heard any evidence, or that he undertook to pass upon the merits of the case, or that he intended to make such agreement a part of his judgment. If the doctrine of retraxit, urged by appellee to sustain the trial court's judgment herein, be applied, Walker-Smith would be barred from a foreclosure of its asserted lien in the instant case. The validity of that lien was what it asserted in the former suit. Rich, defendant in that suit, denied its validity on the ground that it was an attempted mortgage on his homestead. That suit was dismissed on motion of the plaintiff, Walker-Smith Company. If this did not amount to a mere nonsuit, but a retraxit or res adjudicata, the rule as to plaintiff announced in U. S. v. Parker, supra, would be fatal to its right of recovery on its lien. The court there said in such instance: "This is equivalent to a judgment that the plaintiff had no cause of action, because the defense of the defendant was found to be sufficient in law and true in fact." Such doctrine, where dismissal is had on plaintiff's motion, cannot be made to apply to the defendant's affirmative defenses, but not to plaintiff's asserted cause of action. Clearly we think the dismissal in that suit was but a nonsuit and not res adjudicata of any of the issues in the instant case.

■ But if such judgment could be treated as any adjudication of the merits, it is manifest that what was adjudicated could not be ascertained except by extraneous proof. That proof would necessarily be the compromise agreement. But the Supreme Court, on the former appeal, specifically held that this agreement did not bar appellant from asserting his defense of homestead, if any he had. A judgment, therefore, not sufficient in itself to adjudicate any of the merits of the case, and whose efficacy depends upon, and is referable to, an agreement of the parties which the Supreme Court has said is not binding upon one of them, cannot constitute an adjudication of their respective rights.

There was no finding of the jury on the issue as to whether the transactions in question were intended as a bona fide conveyance of said property or merely as a mortgage. The evidence as to that was sharply conflicting, and when the jury failed to agree, a mistrial necessarily resulted. While appellee insists that the trial court's judgment can be sustained by the compromise agreement relied upon, that

issue was foreclosed against it by the Supreme Court upon the former appeal.

Having concluded that the judgment of dismissal by appellee in the Brown county suit was not res adjudicata of issues presented in the instant case, the judgment of the trial court must be reversed, and the cause remanded for another trial.

### On Motion for Rehearing.

Appellee insists, among other things, in its motion for rehearing, that we were in error in not considering the dismissal by Rich and wife of their suit in the Haskell county district court, on the ground that Walker-Smith dismissed its suit in the district court of Brown county first; and that under the holding in Cleveland v. Ward, the jurisdiction of the Haskell county court then attached and that court had power thereafter to try the controversy. However that may be, or even conceding for the sake of this contention that the district court of Haskell county did have jurisdiction of the controversy at the time the Riches dismissed their suit there, the order entered was one of dismissal only and has less to sustain it as an adjudication of the issues involved than the order dismissing the suit in Brown county. Clearly, the order in the suit in Haskell county was but a nonsuit, and adjudicated no rights of the parties. And if, as appellee contends, the dismissal of the Brown county suit constituted such an adjudication of the issues as to constitute res adjudicata, the order there entered would be a final judgment, and would continuously thereafter preclude the jurisdiction of the court of Haskell county over the controversy. Appellee's motion for a rehearing is overruled.