## VAN CLEAVE v. BELL OIL & GAS CO. et al.

### No. 13505.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 12, 1937.

Rehearing Denied March 12, 1937.

W. E. Fitzgerald and Heyser & Hicks, all of Wichita Falls, for appellant.

Ray Bland and Kilgore & Rogers, all of Wichita Falls, for appellees.

BROWN, Justice.

Appellant, A. J. Van Cleave, filed suit against his former wife, Merle F. Van Cleave, and the Bell Oil & Gas Company to recover certain oil runs impounded by said Oil Company in the sum of $567 claimed to be owned by appellant by virtue of being the owner of the fee title in certain oil producing properties situated in Wichita county.

Appellant alleged that his former wife was claiming the oil runs under a deed, executed and delivered by him to her, conveying the lands in question, in August, 1931, and that at the time of such execution and delivery he was under the influence of intoxicating liquors and ill and unable to understand the consequences of his act. He further alleged that in December, 1932, he filed suit in the district court of Wichita county to cancel such deed, because of the facts and circumstances under which it was executed and delivered, and that, when such suit was called for trial, a compromise settlement, was entered into whereby his former wife agreed to reconvey the property to him in consideration of his paying her $100 and her attorneys $25; that such payments were made and he agreed to and did dismiss the suit, brought by him to cancel the deed.

The pleader seeks to place his own interpretation on the settlement agreement, on the purpose of the deed of reconveyance and on the purpose and effect of the judgment of dismissal.

Mrs. Van Cleave answered, asserting that the judgment of dismissal was res adjudicata of all matters raised in the former suit; that appellant is estopped by the deed executed by her under the compromise settlement agreement.

She further prayed for recovery, by way of cross-action, not only of the oil runs impounded, but for all oil runs paid to appellant from the date of the deed to her up to the date of the deed of reconveyance by her to appellant, on March 26, 1934.

Messrs. John E. Kilgore and Guy Rogers, partners in the practice of law, to whom Mrs. Van Cleave had assigned an undivided one-half interest in her cause of action, intervened and appropriately pleaded, adopting the allegations made by Mrs. Van Cleave.

Before the cause was tried, Mrs Van Cleave assigned her remaining undivided one-half interest in the cause of action to one H. E. Woodward, who thereby became substituted as a party in her place and stead.

The cause being tried to a jury, after hearing all of the evidence, the trial court instructed the jury to return a verdict in favor of Kilgore and Rogers for one-half of the impounded oil runs and for Woodward for the remaining one-half, and to find for Kilgore and Rogers one-half of the oil runs collected by A. J. Van Cleave from the property between August 22, 1931, and March 26, 1934, and to find a like sum for Woodward, being the remaining one-half of such oil runs.

Judgment was rendered on this verdict' in favor of Kilgore and Rogers and Woodward.

No money judgment was rendered against the Bell Oil & Gas Company, it being a mere stakeholder, and no judgment was attempted to be had against the Bell Oil & Gas Company, or any other purchaser of the oil from the property between August 22, 1931, and March 26, 1934; a personal judgment for such being rendered against A. J. Van Cleave only.

The former wife, Merle Van Cleave, having no interest in the subject matter of the suit was appropriately disposed of in the judgment.

A. J. Van Cleave's motion for a new trial being overruled, he has appealed.

Appellant presents six propositions for our consideration, the substance of same being: (1) The interveners being assignees of Merle F. Van Cleave and basing their claims upon the deed executed by A. J. Van Cleave to Merle F. Van Cleave, a complete defense to such claims is that the deed was void ab initio, notwithstanding the fact that all such matters were raised by Van Cleave in his first suit against his former wife, that suit having been voluntarily dismissed by Van Cleave. (2) The trial court erred in not holding that the deed from Merle F. Van Cleave to A. J. Van Cleave by its terms, taken in connection with the intention of the parties, was broad enough to include, and did so include, the oil runs in question. (3) The trial court erred in not submitting to the jury the issue of the intention of the parties to include the oil runs in controversy, in the deed from Mrs. Van Cleave to Van Cleave. (4) The proof disclosed that recovery for certain of the oil runs was barred by the two-year statute of limitation (Vernon's Ann.Civ. St. art. 5526), which was pleaded in bar of recovery. (5) That the trial court should

have submitted to the jury the issue: Whether the $100 paid to Mrs. Van Cleave was a consideration for the land in controversy, or merely a nominal sum to defray her expenses. (6) That Mrs. Van Cleave was estopped to claim any interest in the land in controversy because of the allegations she made in her divorce petition filed in a court in the state of New Mexico, the judgment rendered therein, a letter written to Van Cleave's attorney, and other acts and conduct on her part.

The deed from Van Cleave to his then wife was not void, if it be true that he was under the influence of intoxicating liquors, and ill because of excessive use of such intoxicants, when he executed the deed. It was merely voidable, at his option. He could have fully acquiesced in his acts and could have ratified such. 24 Tex.Jur. pp. 380-385; Wells v. Houston, 23 Tex.Civ. App. 629, 57 S.W. 584.

The acts of an intoxicated person are set aside, solely on the theory of temporary insanity. The actor's mind being temporarily bereft of reason, he may, or may not, choose to undo that which he has done. 14 Tex.Jur. p. 846; Smith v. Thornhill (Tex.Com.App.) 25 S.W.(2d) 597.

The deed from Van Cleave to his then wife being good to all intents and purposes until avoided by him, as between Van Cleave and his wife, she was entitled to the oil runs therefrom until she reconveyed the property to him. Her assignees are entitled to recover what she could recover.

Going a step further, we are of opinion that the judgment of dismissal had by appellant, under the settlement made between him and his former wife, determined the matter of the vesting of the title to the premises in Mrs. Van Cleave by the deed from Van Cleave, which deed he had sought to cancel and avoid in his first suit. He raised every issue in that suit which he here attempts to raise. He compromised and settled such suit with his former wife, agreeing to pay her $100, her attorneys $25, and to dismiss his suit in consideration of her reconveyance of the property. Volume, 34, Corpus Juris, p. 787, par. 1205, lays down the rule that a judgment of dismissal entered by agreement of the parties in pursuance of a compromise, or settlement of the controversy, becomes a judgment on the merits and bars another action for the same cause.

The text is supported by the following Texas cases: Ellis v. Mills, 28 Tex. 584;

Townsend v. Scurlock, 44 Tex.Civ.App. 141, 99 S.W. 123 (writ refused); Stephenson v. Gaines (Tex.Civ.App.) 291 S.W. 602, same case by Commission of Appeals 298 S.W. 401.

Van Cleave made no effort to cancel and avoid the deed he had executed and delivered to his former wife. Instead, he chose rather to let such deed stand as a valid conveyance of the title from him to her, and to accept from her a deed of reconveyance.

The instrument is not a quitclaim deed. It is a special warranty deed, reciting a valuable consideration, and in all respects is worded as a general warranty deed, excepting that there is added to the usual warranty clause the qualifying words: "by, through, or under me, but not otherwise." Shaw, Banking Commissioner, v. Ball (Tex. Com.App.) 23 S.W.(2d) 291.

We do not believe that Van Cleave can accept the special warranty deed from his former wife, avail himself of its benefits, and at the same time seek to avoid its evident consequences. Security Nat. Bank v. Andrews (Tex.Civ.App.) 24 S.W.(2d) 509, 510; Doty v. Barnard, 92 Tex. 104, 47 S.W. 712; Service v. West, 60 Colo. 366, 153 P. 446; Deskins v. Williams, 145 Ky. 355, 140 S.W. 546; Hoffman v. Bigham, 324 Mo. 516, 24 S.W.(2d) 125.

What we have said renders it unnecessary to discuss any other point raised.

Suffice it to say that the deed from Merle Van Cleave to appellant is plain and unambiguous and any intention of the parties to convey other than that which is plainly set forth in the instrument cannot be supplied by parol testimony.

There is no merit in the contention that any part of the cause of action was barred when suit was brought. Limitations did not begin to run against Mrs. Van Cleave until she was divorced. She filed her suit within two years after the judgment was rendered.

Mrs. Van Cleave could not be estopped to claim any right in and to lands in Texas by reason of any pleading or judgment rendered in the divorce proceeding in the state of New Mexico. The courts of that state were without authority to adjudicate the matter of the title to lands in Texas. There could be no estoppel by reason of any of the other matters alleged.

All assignments of error are overruled, and the judgment of the trial court is affirmed.