**CASS COUNTY et al. v. RAMBO et al.**

No. 3827.

Court of Civil Appeals of Texas. El Paso.
June 8, 1939.

Rehearing Denied June 29, 1939.

Wynne & Wynne, of Longview, R. O. Kenley, of Houston, and Newland, Cornett & Whitworth, of Linden, for appellants.

Thomas Fletcher, W. H. Francis, Jr., Vinson, Elkins, Weems & Francis, and R. K. Batten, all of Houston, Carney & Carney, of Atlanta, Ben A. Harper, of Houston, Ramey, Calhoun & Marsh and Lasseter, Simpson & Spruiell, all of Tyler, Walace Hawkins and W. H. Francis, both of Dallas, and Don Emery, of Bartlesville, Okl., for appellees.

WALTHALL, Justice.

Appellants, Cass County and John G. K. Towns, as plaintiffs in the trial Court, brought this suit in trespass to try title against Derious Rambo and wife and numerous others, as defendants, to recover 66.05 acres of land alleged to be a part of the Cass County School Land Survey.

Cass County claimed to own and asserted title to the land sued for by virtue of a patent from the State of Texas to the Commissioners of Cass County, on July 26, 1887. Plaintiff John G. K. Towns claimed an oil, gas and mineral lease to the minerals in and under the land from Cass County.

Defendants Rambo and wife and defendants generally answered by general demurrer, general denial and plea of not guilty. Rambo and wife claimed to own the greater portion of the land involved in fee simple title, and as a part of the Trammell Survey, and that the land was not in or a part of the Cass County School Land Survey. Rambo and wife claim that the question of title to the land and the issues involved in this suit were foreclosed by judgment of the District Court of Cass County entered in the year 1912, in a suit styled Cass County v. Derious Rambo, No. 6179, and based upon deeds and surveying by Cass County, long continued use and possession of the land by Rambo and wife and his assigns since the 1912 judgment, in accordance therewith; that in the matters of the said suit there was an agreed acquiesced boundary line between Rambo's land and Cass County's land, and that by reason of such agreement, acquiescence and judgment, the issue as to title to said land as between Rambo and wife and their assigns and Cass County is now res judicata.

The other defendants severally claim to own interests in the lands involved here under Rambo and wife, or directly in connection with their ownership.

The south portion of the land involved in this suit was claimed by defendants to be in and a part of James Davenport Survey and known and referred to in the record as the 133-acre tract or Meda Green, or Alec Garrett tract, and as to this portion of the land defendants Magnolia Petroleum Company and United Production Company severally claimed mineral leasehold interests.

A jury was selected to try the case. The trial proceeded with the jury until the completion of the evidence. At that time plaintiffs, in writing, requested of the Court an instructed verdict in their favor which the Court refused. Thereupon the defendants requested an instructed verdict in their favor, which the Court gave, and rendered judgment that plaintiffs take nothing against defendants. Plaintiffs excepted and prosecute this appeal.

## Opinion

On January 20, 1912, Cass County filed a suit in trespass to try title in the District Court of Cass County against Derious Rambo to recover the title and possession of the land involved in this suit. The number of that suit on the District Court docket was 6179. Service was had on Rambo in that suit, and Rambo filed an answer in which he pleaded not guilty and general denial. Judge J. P. Fant was County Judge of Cass County at the time the suit was filed, and was County Judge during the time the suit was pending for trial and at the time the suit was disposed of as hereinafter stated.

The following statement in narrative form shows substantially what occurred between Judge Fant and the attorneys representing Cass County in the suit, and Rambo, in the matter of the suit after Rambo had filed his answer and before the suit was disposed of in the court:

Rambo testified on the trial of the present suit: After the former suit No. 6179 was filed and service had he had a conversation with Judge Fant about the law suit; Judge Fant said to witness Rambo, that the suit "would be settled by a surveyor," and "for Rambo to meet them down there"; that was agreeable to witness and the lawyers; witness discussed that with his lawyers; a time was fixed for the meeting; Judge O'Neal and witness' surveyor, Huffhines, Jim Baugus and Mr. A. Miles came.

John Banger testified: Heard Mr. Baker say to Rambo about the north-east corner of the Davenport Survey, "that if Mr. Rives was right, and from what he showed him, and from the corner and the bearings, that he would go and see Mr. Huffhines and they would agree and dismiss the case."

Judge J. P. Fant testified:

Knows that the Commissioners' Court authorized the suit to recover Cass County School Land for Cass County, if the County owned any; if we owned it we wanted it, and gave power of attorney for any of it we had, and suit was filed for its recovery; that suit was never tried; think it was called for trial at the February Term, 1912; between the February Term and the September Term, witness had a conversation with Rambo with reference to the pending lawsuit; witness said: "Well, we told him if it was Cass County land—we don't know if we had any School Land—but if we did, if that was Cass County Land, Cass County School Land, we wanted it, but if it was not ours we didn't want it, and, after so long a time, to save expense and other things, each side agreed to send out surveyors to go over the ground, which they did, and we were to be governed by the surveyors, one from each side, and upon their report we decided that Cass County didn't own any School Land over there, that it belonged to Rambo, and on that this judgment was rendered."

Question: "This agreement with Rambo, about each of you getting a surveyor to go down there, was anything done by the Commissioners' Court authorizing you to make that agreement with Rambo? You know about it?" Answer: "Yes, I had the authority to confer with them, both sides."

Question: "Just state what was done by the Commissioners' Court. You can't say you had any authority with respect to your handling that matter of making any agreement with Derious Rambo. State whether or not this agreement you had with Derious to let these surveyors determine the line, whether or not that was agreed to by the counsel representing the County on one side, and the counsel representing Derious on the other." Answer: "Yes, sir."

When that report was made to the Commissioners' Court by the surveyors the Commissioners' Court instructed the attorneys to dismiss it, which was done. Witness found no minutes with reference to the agreement of dismissal of the suit. 'We gave these other fellows power of attorney to go out and see if the County had any School Land, and if we had we wanted it. After witness had this talk with Rambo he reported it to the Commissioners' Court. It may be possible the surveyors made a report to the Commissioners' Court; witness was present; the action of the Commissioners' Court on the report was to "drop the suit"; witness conferred with counsel about the matter; the lawyers on both sides conferred with each other about it.

An exhibit in the record shows the following disposition was made of the case: After stating the number of the suit, its style and date, the following entry was made: "This day this cause came on to be heard, and was dismissed by plaintiff at his cost. It is therefore ordered, adjudged and decreed by the Court that this case be dismissed at cost of plaintiff and sureties on his cost bond (naming sureties), for all of which let execution issue."

216

Appellants, by several propositions, submit that the trial court erred in holding that the dismissal of the former suit on September 18, 1912, was effective as a bar to the prosecution of this suit, because: the judgment in the former suit was not res judicata as to this suit; it could not operate as an estoppel; the uncontroverted evidence shows that the suit was filed at the instance of J. W. Barker and F. L. Luckel, who had no legal right to file the suit; the evidence shows that Cass County was represented only by County Judge, J. P. Fant, without the joinder in the suit, or showing of authority from the Commissioners' Court for the filing of the suit, and therefore the filing of the suit was not the act of Cass County as trustee of its school lands; that any agreement between Fant, as County Judge, and the Commissioners' Court, with Rambo was unilateral and not enforceable; such agreement was without consideration; was not in writing and therefore in contravention of the statute of frauds; and that the District Court did not confirm or approve the settlement.

Other propositions not embracing estoppel or res judicata complain of the Court's refusal to sustain plaintiffs' motion for judgment, and in not submitting the issue of ownership of the land to the jury.

The question of estoppel and res judicata were not specially pleaded and such issues arose only by reason of the evidence under defendants' plea of not guilty.

The trial Court did not file findings of fact, nor is there in the judgment, or other part of the record, any intimation as to the ground upon which the Court based the judgment that plaintiffs take nothing by their suit. We assume from the issues discussed in the briefs of counsel that the trial Court was of the opinion that the evidence, briefly stated above, shows that plaintiffs are estopped from prosecuting the present suit, and, or, that the evidence shows that the matters had in the former suit were, in law, an adjudication of the present suit.

The parties in both suits are the same. The only issue in question seems to be the location on the ground of the Cass County School Land; that is, if the Cass County School Land extended to and covered the land occupied and claimed by defendant Rambo, the land belonged to Cass County; if otherwise, it belonged to Rambo.

The evidence shows that after the suit was filed and service had, the parties, their attorneys and their surveyors, by agreement met on the land in controversy to determine through the effort and report to the parties of the surveyors whether Cass County had any land in the disputed territory. The record shows that the parties having in charge the matter of the suit were advised as to the matters under investigation and agreed to dismiss the suit, and did so.

The evidence is extensive, covering more than one thousand pages of the record, besides the maps and many exhibits.

There is no controversy on the facts.

In 26 Tex.Jur., p. 101, under paragraph 399, is said: "It appears to be settled that when a judgment is based upon an agreement of the parties, it is as conclusive of all matters covered by the agreement as a judgment on the merits would be," and refers in the note to Stephenson v. Gaines, Tex.Com.App., 298 S.W. 401. The statement is sustained by the reference and by the opinion of the Court of Civil Appeals then under consideration. 291 S.W. 602.

The above quotation is referred to with approval by the Commission of Appeals in Turman v. Turman, 123 Tex. 1, 64 S.W. 2d 137, 139. The same quotation as above is made and approved in Provines v. Bell et al., Tex.Civ.App., 83 S.W.2d 1050, and writ refused. In Van Cleave v. Bell Oil & Gas Co. et al., Tex.Civ.App., 102 S.W.2d 1103, 1105, the Fort Worth Court of Civil Appeals refers to 34 Corpus Juris, p. 787, par. 1205, where the rule is stated to be, "that a judgment of dismissal entered by agreement of the parties in pursuance of a compromise, or settlement of the controversy, becomes a judgment on the merits and bars another action for the same cause." The Court, after quoting the above, says, "The text is supported by the following Texas cases: Ellis v. Mills, 28 Tex. 584; Townsend v. Scurlock, 44 Tex.Civ.App. 141, 99 S.W. 123 (writ refused); Stephenson v. Gaines (Tex.Civ.App.) 291 S.W. 602, same case by Court of Appeals, 298 S.W. 401.

We have concluded that the trial Court was not in error in the judgment rendered.

Propositions not discussed have been considered and are overruled.

The case is affirmed.