**JOPLING et al. v. OWENS.**

**No. 12093.**

Court of Civil Appeals of Texas. Galveston.

May 19, 1949.

Rehearing Denied June 9, 1949.

C. C. Jopling, of La Grange, for appellants.

Clegg & Clegg, of Trinity, Newman & Thomas, of Groveton, for appellee.

GRAVES, Justice.

This is an appeal from a judgment of the District Court of Trinity County, sitting without a jury, sustaining the defendant's (appellee's) pleas-in-abatement and of res adjudicata, such pleas having been heard before the court together.

The plaintiffs (appellants), Mina Louise Wood, joined by her husband, L. J. Wood, and Vera Vann Jopling, joined by her husband, C. C. Jopling, had brought this action as heirs-at-law of Mrs. J. E. Vann, deceased, in the County Court of Trinity County, for an accounting for rents collected by her in that capacity, against Esther Owens, as temporary administratrix of the estate of Mrs. J. E. Vann, deceased.

The defendant (appellee), Esther Owens, as temporary administratrix of that estate, plead in abatement that the plaintiffs (appellants) had no justiciable interest in the subject-matter of the suit, setting out that such plaintiffs, on the 24th day of April, 1947, conveyed all of their right, title, and interest in Mrs. Vann's estate to Esther Owens, and further plead res adjudicata, averring that the matters in controversy between the plaintiffs and defendant so declared upon in plaintiffs' accounting suit had been in all things settled; in such plea of res adjudicata, she further specially alleged that the parties, plaintiffs and defendant, were the same parties—plaintiffs and defendant, respectively—in three preceding cases, wherein judgments had been entered in the District Court of Trinity County, Texas, on the 24th day of April, 1947, in Causes Nos. 7125, 7144, and 7144-A.

The appealed-from judgment herein, after so sustaining the appellee's pleas in abatement and res adjudicata, further found on the merits as follows:

" * * * and came all of the parties requesting such final accounting, plaintiffs and defendant, by and through their respective Counsels, and showed unto the Court that the said Esther Owens had purchased all right, title, and interest of all parties interested in said estate, as shown by deeds and contracts of settlement on the 24th day of April, A.D. 1947, and as further shown by the judgments of the District Court, dated the 24th day of April, A.D. 1947, in Causes Nos. 7125, 7144, and 7144-A, involving all of said parties and all issues involved in this suit; and it further appearing to the Court that such causes involved an appeal in this cause to this court; and it further appearing to the Court the above named Mina Louise Wood, joined by her husband, L. J. Wood, Vera Vann Jopling, joined by her husband, C. C. Jopling, has no further right, title, nor interest, in the Mrs. J. E. Vann Estate, and has no justiciable interest in the subject-matter of same;

"It is, therefore, Ordered, Adjudged, and Decreed that the cause * * * be, and the same is hereby dismissed".

Appellants' points-of-error in this Court against the judgment so rendered below are, in material substance, these:

"No. 1. The court erred in holding that the agreement executed by appellants and Esther Owens filed in Cause No. 7144 in the District Court of Trinity County, Texas, and the deed executed by appellants, conveying all of their right, title, and interest in the Dr. and Mrs. J. E. Vann homestead-property to Esther Owens, vested in Esther Owens individually the rents and revenues that she had collected from tenants occupying the homestead-property from the time she was appointed temporary administratrix of the estate of Mrs. J. E. Vann, deceased, and the date of the deed executed by appellants to the said Esther Owens.

"No. 2. The court erred in dismissing appellants' application to require Esther Owens to make an accounting of her stewardship as temporary administratrix of the estate of Mrs. J. E. Vann, deceased, for the reason that the record shows upon its face that appellants had a justiciable interest in any property that came into possession of the said Esther Owens as temporary Administratrix of the estate of Mrs.

J. E. Vann, deceased, that belonged to her estate.

"No. 3. The court erred in sustaining appellee's plea of Res Adjudicata, for the reason that there is no evidence in this record that would sustain a plea of Res Adjudicata in this cause.

"No. 4. The court erred in holding that, by reason of the fact appellants failed to make a disposition of the rents collected by the temporary administratrix of the estate of Mrs. J. E. Vann, deceased, and in her possession as such temporary administratrix in cause No. 7125, in the District Court of Trinity County, Texas, that was dismissed by the plaintiffs in that cause, that, as to these appellants, the same was now subject to the plea of Res Adjudicata set up by the temporary administratrix in this cause."

None of these presentments, it is determined, should be sustained; in the aggregate, they get down to two earnestly-presented contentions, the one that their sued-upon claim for such an accounting against the appellee had not been within the scope of the compromise and settlement so decreed to have been made by the trial court, and the other to the effect that the probate court still had jurisdiction of the revenues in the hands of the appellee as temporary administratrix, to the exclusion of that by the district court, pursuant to Article 3378 of Vernon's 1948 Texas Civil Statutes, and such interpretations thereof as are reflected in Volume 10, Tex. Jur., Pages 272, 279, and 280, Secs. 159 and 163, and Volume 13 thereof, Page 606, Sec. 24, and Page 613, Sec. 29, and other authorities.

The trouble with this position is that—as the quotation from the trial court's decree herein shows—it runs directly counter thereto, and that without valid ground for so doing.

This Court has taken the trouble to examine the record and the statement-of-facts, in order to determine the character of the proceedings so found to have existed and so interpreted by the trial court, with the result that no impeachment of the correctness, accuracy, or soundness, of its judgment has been found; indeed, it was especially shown that the pleadings in all three of the contributing and constituent causes—Nos. 7125, 7144, and 7144-A, were in evidence before the court for the purpose of showing the actual issues it was passing upon.

This statement in appellee's brief has been found to be correct, and as such, it is adopted as showing the facts underlying the controversy, to-wit:

"Cause 7125 was a suit for a partition of the estate of J. E. Vann and Mrs. J. E. (Lou) Vann, involving the same property and parties sought to be re-litigated in this lawsuit.

"The judgment-of-dismissal recited, among other things, as follows: '* * * the plaintiffs announce in open court that they did not care to further prosecute said cause by reason of the fact that a compromise-settlement had been reached between the parties and desired said cause to be dismissed.'

"Cause 7144 was an appeal in the District Court of Trinity County, from the refusal of said County Court to probate a purported will by Mrs. J. E. Vann, such application having been filed subsequent to and shortly after the partition suit in 7125. This will affected a part of the subject-matter now sought to be re-litigated by the appellants. The value of such estate set up in such attempt to probate the will by appellants was Fifteen Hundred Dollars and referred to real and personal property.

"This suit (7144) was also dismissed on the 24th day of April, 1947. This judgment of dismissal provided '* * * all parties appearing herein in person, or by counsel, or both, and the proponents to probate the will and the contestants thereto, by and through their respective counsel, announced to the court that a compromise-agreement and settlement had been made between the parties, which has been filed in said Cause, executed by the attorneys for the respective parties, and, after considering the same, the court is of the opinion that said compromise-agreement is fair and reasonable and understood by all parties, and should be approved * : * *.'

"Cause 7144-A was an appeal—by certiorari—by appellants herein from the

County Court to the District Court of Trinity County, wherein Mrs. Esther Owens had been appointed the temporary-administratrix. This matter was also dismissed on the 24th day of April, 1947, as the two preceding cases were; and such judgment-of-dismissal, among other things, provided as follows: '* * * All parties appeared herein in person and by counsel, and counsel for the respective parties announced in open court that a compromise-settlement and agreement had been made between the parties, and desired that this cause be dismissed. Therefore, it is ordered, adjudged, and decreed by the court that the above and foregoing cause, involving the administration of the estate of Mrs. J. E. Vann, deceased, be and the same is hereby dismissed * * *.'

"All of these judgments-of-dismissal were settled on the 24th day of April, 1947, the court's decree in which, among other things, provided as follows: 'On this 24th day of April, A.D., 1947, came all the parties, in the above entitled and numbered cause, and presented to the court the following agreement, and the said agreement and settlement pertains to all the cases now on file in the District Court of Trinity County, Texas as follows:

" 'Partition suit of the homestead of Dr. and Mrs. J. E. Vann, deceased, and administration of the estate of Mrs. J. E. Vann, deceased.

" 'It is hereby agreed that all of the said cases will be dismissed and the cost incurred in all said cases will be paid out of the money that is now on deposit in the First National Bank of Trinity in the name of the estate of Mrs. J. E. Vann, deceased. * * * Such agreement divided the personal property of the estate, except for such personal property so given to some of the plaintiffs. Esther Owens paid Twenty-five Hundred Dollars in cash for such settlement, and plaintiffs executed a warranty deed to the real estate to Esther Owens, which conveyed the homestead, by deed dated the same date, and said deed in describing the interest conveyed in same recited "* * * the interest herein conveyed being all the right, title, and interest that Grantors may have, own, or claim, from any source whatsoever." ' "

Wherefore, it is determined that the trial court rendered the only judgment that could have been properly rendered, under the facts stated, pursuant to such authorities as these: 2 A.L.R.2d 548; Van Cleave v. Bell Oil & Gas Co., Tex.Civ.App., 102 S.W.2d 1103; Smith v. Cook, Tex.Civ.App., 126 S.W.2d 1049; Humble Oil & Refining Co. v. Luckel, Tex.Civ.App., 171 S.W.2d 902.

The judgment will be affirmed.

Affirmed.