

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 22, 1950

Hon. Andrew P. Johnson
County Attorney
Dimmit County
Carrizo Springs, Texas

Opinion No. V-1124.

Re: Legality of taxing
the trial fee as costs
in county court when a
civil action is dis-
missed with prejudice.

Dear Sir:

We refer to your recent request which reads in part as follows:

"I have received your letter of August 30th enclosing copies of two opinions[1] concerning the propriety of taxing the trial fee in the County Court when a civil action is dismissed with prejudice upon an agreed settlement. These opinions have been very helpful to me.

"We have one case, however, that is not directly disposed of by these opinions. . . . In this case the original petition was filed and citation issued. The return on the citation shows that it was served on March 9, 1950, and it was filed on March 10, 1950. No answer was filed, but on June 5, 1950, the court entered an order of dismissal, ' with full prejudice as against plaintiff,' and 'with full prejudice.' A certified copy of this order is enclosed herewith.

"I would appreciate it very much if you would advise me, by opinion or otherwise, whether or not the trial fee should be taxed as a cost in this case."

The judgment referred to is as follows:

"This the 5 day of June, 1950, the defendants having not as yet answered, came the

---

1. Att'y Gen. Ops. 0-1144 (1939) and 0-4532 (1942).

plaintiff by his attorneys, and in open
court announced to the court that all mat-
ters in controversy had been settled and
disposed of by agreement of the parties,
and plaintiff's attorney requested the
court to enter an order of dismissal with
full prejudice, and the court being of the
opinion that such order should therefore
be entered;

"It is therefore considered, adjudged
and ordered by the court that this cause
be, and it is hereby dismissed with full
prejudice as against plaintiff; and it ap-
pearing to the court that all costs have
been paid therefore let no execution is-
sue."

Article 3926, V.C.S., provides in part:

"The county judge shall also receive
the following fees:

"  . . .

"2.  . . . For each civil cause finally
disposed of by him by trial or otherwise,
Five Dollars ($5), to be taxed against the
party cast in the suit; . . ."

The rule is stated in Corpus Juris Secundum
(Vol. 50, p. 61-62):

"A voluntary discontinuance of a cause
by plaintiff, or the dismissal of the action
on his motion, does not as a rule amount to
a judgment on the merits and therefore will
not bar a new action on the same subject mat-
ter, especially if expressed to be without
prejudice; . . .

"A different situation exists, however,
where it affirmatively appears that plain-
tiff intended to abandon the action, in which
case it is treated as a retraxit.  So plain-
tiff's dismissal of a suit with prejudice is
as conclusive of the rights of the parties
as an adverse judgment after trial, being res
judicata of all questions which might have
been litigated in the suit; and an entry on

the record that the debt has been paid and
the suit ended is a bar to another action
on the same debt." (Emphasis added.)

Also in Cass County v. Rambo, 131 S.W.2d 214, 216 (Tex.
Civ.App. 1939, affirmed 135 Tex. 476, 143 S.W.2d 916),
it is stated:

"... 'It appears to be settled that
when a judgment is based upon an agreement
of the parties, it is as conclusive of all
matters covered by the agreement as a judg-
ment on the merits would be,' ... 'that a
judgment of dismissal entered by agreement
of the parties in pursuance of a compromise,
or settlement of the controversy, becomes a
judgment on the merits and bars another ac-
tion for the same cause.'"

In view of the foregoing, it is our opinion
that the case has finally been disposed of and the trial
fee of five dollars should be taxed as costs under the
facts submitted.

## SUMMARY

Where a civil suit is dismissed with
prejudice in county court by agreement of
the parties, it is finally disposed of,
and the trial fee of $5.00 should be taxed
as costs. Art. 3926, V.C.S.; 50 C.J.S.
61-62, Judgments, Sec. 633; Cass County v.
Rambo, 131 S.W.2d 214, 216 (Tex.Civ.App.
1939, affirmed 135 Tex. 476, 143 S.W.2d
916, 1940).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant

BA:mw